United States District Court
Southern District of Texas

**ENTERED**
September 08, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSALIE CONNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-02128 |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
| DEUTSCHE BANK TRUST COMPANY | § | |
| AMERICAS AS STUSTEE FOR RALI | § | |
| SERIES 2006-QS6 POWER DEFAULT | § | |
| SERVICES, | § | |
| | § | |
| Defendants. | | |

## MEMORANDUM AND ORDER

### I.   INTRODUCTION

Pending before the Court is the defendants', PHH Mortgage Corporation and Deutsche Bank Trust Company Americas, motion for summary judgment (Docket No. 15). The plaintiff, Rosalie Conner, has failed to file a response to the motion and the time for doing so has long elapsed. On July 19, 2021, the defendants filed a Notice of Non-filing (Docket No. 16). Nevertheless, after carefully considering the motion, the record, and the applicable law, the Court determines that the defendants' motion for summary judgment should be **GRANTED**.[1]

### II.   FACTUAL BACKGROUND

On or about May 31, 2006, the plaintiff executed a contract and mortgage note that required 120 monthly payments starting July 1, 2006. However, in 2007, the plaintiff began missing payments. As a result, on or about January 1, 2010, the parties executed a loan modification agreement that consisted of new conditions and payments for the mortgage. The agreement still

---

[1] The facts referenced in the memorandum opinion are derived solely from the defendants' motion because the plaintiff has not contested or responded to the motion.

required her to make all necessary payments on time.  Nonetheless, the plaintiff has not made a payment since March 1, 2011.  On or about August 12, 2015, Ocwen Loan Servicing, LLC informed the plaintiff that her mortgage loan defaulted due to her failure to make payments pursuant to the 2010 modification agreement.  From 2016 to 2020, the plaintiff filed multiple civil actions in state and federal court against the defendants, including bankruptcy petitions, to prevent a foreclosure sale of her property.

## III.    ANALYSIS

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  The movant bears the initial burden of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  *See Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003).  Hence, summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(a).    If the movant states a legitimate, nondiscriminatory basis for its decision, the burden then shifts to the nonmovant to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.  *See Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995)); *see also Nall v. BNSF Railway Co.*, 917 F.3d 335, 340 (5th Cir. 2019) (citing *McDonnel Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Here, the plaintiff has failed to respond to the defendants' motion for summary judgment.[2]
Pursuant to this Court's local rules, responses to motions are due within 21 days unless the time is
extended, and a failure to respond is taken as a representation of no opposition.  S.D. Tex. L.R.
7.3–7.4.  Notwithstanding the plaintiff's failure to file a response, summary judgment may not be
awarded by default.  *See Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277,
1279 (5th Cir. 1985).  A motion for summary judgment cannot be granted simply because there is
no opposition, even if failure to oppose violated a local rule.  *Hetzel v. Bethlehem Steel Corp.*, 50
F.3d 360, 362 n.3 (5th Cir. 1995) (citing *Hibernia Nat'l Bank*, 776 F.2d at 1279).  To this end, the
defendant, as the movant, has the burden of establishing the absence of a genuine issue of material
fact and, unless it has done so, the court may not grant the motion, regardless of whether any
response was filed.  *See Hetzel*, 50 F.3d at 362 n.3.  Nevertheless, in determining whether summary
judgment is appropriate, a district court may accept as undisputed the facts set forth in the motion
as true.  *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (internal citations
omitted).  Accordingly, this Court accepts the defendants' facts and evidence as true.

In their motion, the defendants assert that the plaintiff has filed numerous suits challenging
whether a foreclosure is lawful.  However, not only did the plaintiff fail to contest the motion with
a response, but the record, otherwise, does not contain any evidence that creates a material issue
of fact.  Instead, the evidence supports the defendants' contentions that a foreclosure proceeding
is proper, and the plaintiff cannot state a lawful basis to prevent a foreclosure on the property.  The
original contract and the modification agreement both show that the plaintiff agreed to pay a

---

[2] Although the plaintiff is representing herself without the guidance of a licensed attorney, it is well
established that the Federal Rules of Civil Procedure and the local rules in the Southern District of Texas
sufficiently provide pro se parties with the requirements of summary judgment.  *E.g., Hale v. Burns Int'l
Sec. Servs. Corp.*, 72 F. App'x 100, 101 (5th Cir. 2003) (citing *Martin v. Harrison County Jail*, 975 F.2d
192, 193 (5th Cir. 1992)).

3

specific amount every month, and if she did not, her loan would default.  It is undisputed that the plaintiff signed a purchase agreement and a loan modification agreement on property, that she has failed to pay the required monthly payments, and as a result, the note is in default.  Therefore, the property is lawfully subject to foreclosure.

## IV.     CONCLUSION

Based on the foregoing analysis and discussion, the defendants' motion for summary judgment is **GRANTED.**

It is so **ORDERED**.

SIGNED on this 8th day of September, 2021.

_____
Kenneth M. Hoyt
United States District Judge